UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD WAYNE CUPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case number 4:08cv0412 DJS |
| ) | TCM |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending in this pro se 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying the application of Ronald Wayne Cupp ("Plaintiff") for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-433, is the Commissioner's motion to dismiss. The case is before the undersigned United States Magistrate Judge for a review and recommended disposition. See 28 U.S.C. § 636(b).

**Background**

Plaintiff filed for DIB in May 1994, alleging a disability as of December 2, 1971. (Pl. Ex. B at 1.) This application was denied by an administrative law judge ("ALJ") in October 1995. (Id. at 1-4.) Plaintiff requested that the Appeals Council review the denial. (Pl. Ex. I at 1.) The Appeals Council denied review, effectively adopting the ALJ's decision as the final decision of the Commissioner. (Id. at 1-2.) The April 10, 1997, letter advising Plaintiff of the denial also informed him that he could file a civil action in the United States District

Court for judicial review of the denial. (Id.) In August, Plaintiff requested that the denial be reopened for consideration of additional medical records. (Pl. Ex. R.) This request was denied. (Id.) The letter so advising Plaintiff noted that the submitted medical records were already in his file and that he had earlier been informed that his only remaining course of action to challenge the denial was to file a civil action. (Id.) The letter also noted that the issue was whether Plaintiff was disabled on or before March 1, 1976, the date when he was last insured for disability benefits. (Id.)

In August 2004, Plaintiff again requested that the denial be reopened. (Pl. Ex. D at 1-10.) This request was denied on August 30. (Pl. Ex. E.) The pending action was filed in March 2008.

There is no request by Plaintiff in the record for an extension of time to file a civil action. (Baskerville Decl. ¶ (3)(b).)

The Commissioner moves to dismiss on the grounds that the complaint is untimely filed. Specifically, the authority of the courts to review his decisions is limited by 42 U.S.C. § 405(h) to the provisions of 42 U.S.C. § 405(g), provisions which include a sixty-day period for the filing of a civil action to challenge the Commissioner's final decisions. Plaintiff opposes the motion, submitting, among other things, copies of medical records that predate the ALJ's adverse decision. He separately moves for judgment in his favor on the grounds that he was denied due process and prejudiced by the lack of competent counsel in the first administrative proceedings, he was denied the opportunity to be heard because the Appeals Council did not properly consider the same medical records that the Veterans Administration found persuasive, the ALJ improperly assessed his credibility, the ALJ erred by finding he

did not have a severe impairment, the ALJ erred by not giving the proper weight to the opinions of his treating physician, and he was denied the opportunity to present argument and evidence to the ALJ when his request to reopen was denied.[1]

## Discussion

"The Social Security Act establishes a mechanism for judicial review of final administrative decisions. Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

**Bess v. Barnhart**, 337 F.3d 988, 989 (8th Cir. 2003) (per curiam) (quoting § 405(g)). This sixty-day period is "a condition on the waiver of sovereign immunity and . . . must be strictly construed." **Bowen v. City of New York**, 476 U.S. 467, 479 (1986). The sixty-day period begins to run after the Appeals Council's notice is received by the claimant. **Bess**, 337 F.3d at 989 (citing 20 C.F.R. §§ 422.210(c), 404, 981, 416.1481). "[R]eceipt of the notice of the Appeals Council is presumed five days after the date of the notice, unless there is a reasonable showing to the contrary." **Id.** (citing 20 C.F.R. §§ 42.210, 404.901, 416.1401).

There is no showing, no allegation even, that Plaintiff did not receive notice of the April 10, 1997, decision within five days. The sixty-day period would then have ended on

---

[1] Plaintiff requests in another motion that the word "summary" be stricken from the title of his motion docketed as number 10. This motion will be granted.

June 16.² Clearly, the filing of his complaint in March 2008 is not timely. See **White v. Sullivan**, 901 F.2d 94, 95 (8th Cir. 1990) (per curiam) (holding that district court improperly reviewed merits of disability benefit termination when complaint for judicial review was filed more than four years after decision and at no time did the Commissioner reopen the case and reconsider the merits ).

Insofar as Plaintiff seeks to challenge the denial of his request that the 1997 adverse decision be reopened, this Court lacks jurisdiction to review the denial. Because a petition to reopen a claim for benefits can be ruled on without a hearing, "it is not a 'final decision of the [Commissioner] made after a hearing.'" **Turner v. Bowen**, 862 F.2d 708, 709 (8th Cir. 1988) (per curiam) (quoting 42 U.S.C. § 405(g) (limiting judicial review to review of that category of final decisions)); accord **Earley v. Dep't of Health & Human Servs.**, 776 F.2d 782, 784 (8th Cir. 1985) (per curiam). Thus, this Court lacks subject matter jurisdiction to review the decision not to reopen Plaintiff's DIB application.³ See **Turner**, 862 F.2d at 710. Accord **Califano v. Sanders**, 430 U.S. 99, 107-08 (1977) (noting that to hold otherwise would frustrate the congressional purpose of imposing a time limit on judicial review of the Commissioner's decisions to deny benefits). See also **Conley v. Bowen**, 781 F.2d 143, 145-46 (8th Cir. 1986) (per curiam) (holding that there was no exception to sixty-day period to review previous termination decision after a claimant reapplies without benefit of counsel).

---

²The sixtieth day, June 14, was a Saturday.

³Even if the Court did not lack subject matter jurisdiction, a 2008 complaint to review a 2004 decision is also untimely under § 405(g).

The sixty-day period of § 405(g) does not apply to constitutional questions. **Califano**, 430 U.S. at 109. Plaintiff's reference to "due process" in his first ground does not, however, raise a colorable constitutional question. See **Clarinda Home Health v. Shalala**, 100 F.3d 526, 530-31 (8th Cir. 1996) (holding that although constitutional claim might avoid the requirement of exhaustive of remedies before the Commissioner, such a claim must be "colorable"). He argues that he was denied due process because the ALJ failed to inquire into the competency of his attorney in disability claims and, therefore, the ALJ's decision was not supported by substantial evidence. This is but another way of phrasing a challenge to the Commissioner's decision on its merits and does not avoid a statute of limitations that ran more than ten years before the filing of the complaint. See **Roberston v. Sullivan**, 979 F.2d 623, 625 (8th Cir. 1992) (per curiam) (finding due process claim to be without merit because the Commissioner fully complied with the regulations).

Another consideration when determining whether a § 405(g) complaint is timely is the issue of equitable tolling. "'[T]raditional equitable tolling principle[s]'" apply to the sixty-day period. **Bowen**, 476 U.S. at 480 (quoting Honda v. Clark, 386 U.S. 484, 501 (1967)). "Generally, equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." **Turner v. Bowen**, 862 F.2d 708, 710 (8th Cir. 1988) (per curiam). See also **Bowen**, 476 U.S. at 481 (noting that equitable tolling of § 405(g) limitation is "rare"). Plaintiff has not alleged the

existence of any such conduct that prevented him from filing his complaint in the summer of 1997.

### **Conclusion**

This action seeking judicial review of a 1997 decision is untimely. Accordingly,

**IT IS HEREBY ORDERED** that the motion of Ronald Wayne Cupp requesting that the word "summary" be stricken from the title of his motion docketed as number 10 is **GRANTED**. [Doc. 8]

**IT IS HEREBY RECOMMENDED** that the motion of Ronald Wayne Cupp for judgment be **DENIED** [Doc. 10] and that the motion of Michael J. Astrue, Commissioner of Social Security, to dismiss be **GRANTED** [Doc. 6].

The parties are advised that they have eleven (11) days in which to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact. See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  29th  day of August, 2008.